1  Joonghan Jo, SBN 352159
2  joseph.jo@thejolawfirm.com
   THE JO LAW FIRM, PC
3  2261 Market Street, STE 10522
   San Francisco, California 94114
4  Tel: (415) 294-0680

5  *Attorneys for Plaintiff*
   *Dayeon Choi*

6

7            UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10

11

12  | | |
    |---|---|
    | Dayeon Choi, an individual, | Case No. |
    | Plaintiff, | **COMPLAINT** |
    | | **DEMAND FOR JURY TRIAL** |
    | v. | |
    | Reginald Permyaki, an individual, and DOES 1-10, inclusive, | |
    | Defendants. | |

19      Plaintiff, Dayeon Choi ("Plaintiff"), by and through its attorneys, THE JO LAW FIRM,

20  PC, by way of Complaint against Defendant, Reginald Permyaki ("Defendant"), alleges:

## INTRODUCTION

**1.** Plaintiff brings this action for willful copyright infringement and for misrepresentation under the Digital Millennium Copyright Act ("DMCA") against Defendant. Plaintiff seeks injunctive and monetary relief to remedy Defendant's unlawful copying of Plaintiff's original digital artwork.

2. Plaintiff is a 3D digital artist who created a unique virtual item called the "Hourglass Gold Wing." Defendant, without authorization, reproduced and sold a nearly identical copy of Plaintiff's work on the Roblox platform and then attempted to evade responsibility by falsely claiming that Plaintiff's work was not protected by copyright. This lawsuit is necessary to enforce Plaintiff's rights and to prevent further infringement.

## THE PARTIES

3. Plaintiff Dayeon Choi is an individual residing at 36 Dujeonggo 7-gil, Seobuk-gu, Cheonan-si, Chungcheongnam-do 31089, Republic of Korea. Plaintiff is the creator and owner of the copyrighted 3D design known as "Hourglass Gold Wing."

4. Defendant Reginald Permyaki is an individual residing at Lugovaya Ulitsa, 23, Kyren, Respublika Buryatiya, Russia, 671010. Upon information and belief, Defendant is a content creator in Roblox's UGC (User-Generated Content) program who has offered virtual items for sale on the Roblox platform under one or more account names.

## JURISDICTION AND VENUE

**Subject Matter Jurisdiction (28 U.S.C. §§ 1331, 1338(a), 17 U.S.C. §§ 101 et seq., 512.)**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to copyrights). This action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the DMCA, 17 U.S.C. § 512.

**Personal Jurisdiction**

6. This Court has personal jurisdiction over Defendant because Defendant expressly consented to the jurisdiction of the U.S. District Court for the Northern District of California in his DMCA Counter-Notification, in which he stated: "I hereby consent to the jurisdiction of the U.S District Court for the Northern District of California." Exhibit B attached to this Complaint is the Defendant's counter-notification. Additionally, Defendant purposefully directed infringing activities into this District by uploading, distributing, and offering for sale the Infringing Work(s) on the Roblox platform

**Venue (28 U.S.C. §§ 1391(b)–(c), 1400(a)) and Intradistrict Assignment**

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Under 28 U.S.C. § 1400(a), venue in a civil action arising under the Copyright Act may be instituted in the district in which the defendant or his agent resides or may be found. Defendant resides or may be found in this District because: (a) Defendant expressly consented to jurisdiction in the Northern District of California in his DMCA Counter-Notification; (b) Defendant directed infringing activities into this District by uploading and distributing the Infringing Work(s) on the Roblox platform accessible to users in this District; and (c) Defendant is subject to personal jurisdiction in this District. This lawsuit should be assigned to the San Francisco Division of this Court.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff is a 3D digital artist and the original creator of a virtual item titled "Hourglass Gold Wing" (UGC Asset ID: 15465078451)(the "Original Work(s)"). The Original Work(s) are a decorative set of golden and white angelic wings designed as a back accessory for avatars on the Roblox platform. Plaintiff conceived and designed the Original Work(s) entirely on Plaintiff's own, without copying from any game, artwork, or other source.

9. Plaintiff exercised creative choices in the Original Work(s)'s design, including the shape and arrangement of its feathers and an embedded hourglass motif at the center. Plaintiff also hand-painted the Original Work(s)'s textures and determined the coloration and shading. As a result of these creative decisions, the Original Work(s) is an original work of authorship containing numerous protectable elements.

10. Plaintiff, as a national and resident of the Republic of Korea, owns and holds all rights in Original Work(s). Plaintiff has not authorized any third party to reproduce, modify, or sell copies of the Original Work(s), whether on the Roblox platform or elsewhere. Plaintiff made the Original Work(s) available on the Roblox platform in or about November 2023. It was offered for sale as a UGC item under Plaintiff's Roblox creator name "SRMYEON." The Original Work(s) quickly gained popularity among users. Plaintiff's work was thus publicly displayed and recognized well before the events described below.

11. In or about September 2025, Defendant—without Plaintiff's permission—uploaded and began selling virtual item(s)(Asset ID affected: 71468486478988) on the Roblox platform that were nearly identical to Plaintiff's Hourglass Gold Wing (the "Infringing Items"). The Infringing Items copied the distinctive design of Plaintiff's Original Work(s) in all material respects. For example, in overall appearance, Defendant's item featured the same wing shape and feather arrangement as Plaintiff's original, with only a minor reduction in the wings' width and a different color or texture applied.

12. Beyond surface appearance, Defendant's copying extended to the underlying 3D model data of the Original Work(s). When the models of Plaintiff's Original Work(s) and Defendant's Infringing Item are examined in a 3D editing program, they share an identical UV map layout. In 3D modeling, a "UV map" is the two-dimensional unwrapped layout of a 3D model's surface used for applying textures – analogous to a flat blueprint or sewing pattern of the

3D object. It is practically impossible that two independent creators would coincidentally produce the exact same UV mapping for a complex model such as the Original Work(s).

13. Plaintiff invested significant effort in manually creating the UV map for her Original Work(s). Plaintiff strategically scaled down and tightly packed certain portions of the UV map that did not require high detail (for instance, areas she intended to color with a solid fill), thereby allocating more texture resolution to the detailed parts of the Original Work(s). These decisions resulted in a unique UV layout that reflects Plaintiff's personal creative judgment. Indeed, certain sections of Plaintiff's UV map (highlighted in orange in Plaintiff's comparison exhibit) are markedly reduced in size, a result of Plaintiff's conscious optimization for Plaintiff's design.

14. Defendant's Infringing Item was found to have a UV map that perfectly overlays Plaintiff's UV map, meaning every piece of the 3D geometry corresponds exactly to Plaintiff's layout. Exhibit A attached to this Complaint is a comparison image showing the complete overlap of Defendant's model's UV coordinates with those of Plaintiff's Original Work(s). The orange-highlighted regions in that exhibit illustrate that Defendant's model includes the very same uniquely minimized UV sections that Plaintiff created. This one-to-one correspondence confirms that Defendant did not independently create Defendant's model but instead copied Plaintiff's digital model (or substantial portions of it) outright.

15. Upon information and belief, Defendant obtained Plaintiff's Original Work(s) model (or its data) from the Roblox platform or a related source, and made only trivial modifications—such as slightly narrowing the wingspan and swapping in a new texture image—to create the Infringing Items.

16. After discovering Defendant's unauthorized copies, Plaintiff, in or about January 2026, submitted a takedown request to Roblox pursuant to the DMCA. Using Roblox's "Rights Manager" infringement reporting tool, Plaintiff identified Defendant's Infringing Items and notified Roblox of Plaintiff's ownership of the Original Work(s) copyright. Roblox reviewed

Plaintiff's submission and, that same day, removed or disabled access to Defendant's Infringing Items on the platform.

17. In or about January 2026, Defendant responded by submitting a counter notification to Roblox under 17 U.S.C. § 512(g). In Defendant's counter notice, Defendant claimed that the removal of Defendant's content was mistaken or wrongful. Specifically, Defendant asserted that "the content identified in the takedown notice was removed or disabled as a result of a mistake or misidentification of the content." Roblox forwarded Defendant's counter notification to Plaintiff via email in or about January 2026.

18. Defendant's statements in the counter notification were materially false, and Defendant knew they were false. Defendant knew that he was not the original creator of the Original Work(s) and that he had no legitimate claim of right to use or copy it, especially given that Plaintiff's original item had been publicly available under Plaintiff's own name on Roblox for over a year before Defendant's copying. Exhibit B attached to this Complaint is the Defendant's counter notification.

19. As a result of Defendant's counter notification, Roblox informed Plaintiff that the Infringing Items would be reinstated on the platform unless Plaintiff filed a lawsuit against Defendant within ten business days, pursuant to 17 U.S.C. § 512(g)(2)(C). Plaintiff has therefore timely filed this action to prevent the reinstatement of the infringing content and to hold Defendant accountable for Defendant's clear infringement and bad-faith misrepresentations.

## CLAIMS FOR RELIEF

### COUNT I – Copyright Infringement (17 U.S.C. §§ 106, 501)

20. Plaintiff repeats and re-alleges all the foregoing paragraphs as if fully set forth herein.

21. Plaintiff is the sole owner of the valid copyright in the Original Work(s). Plaintiff has never licensed or authorized Defendant to copy, distribute, or create derivative works based on the Original Work(s).

22. Defendant, without permission or legal justification, copied protected expression from Plaintiff's copyrighted work and created at least one unauthorized derivative work (the Infringing Items) that is substantially similar to Plaintiff's Original Work(s). Defendant's reproduction and distribution of the Infringing Items through the Roblox platform infringes Plaintiff's exclusive rights under 17 U.S.C. § 106, including Plaintiff's rights to reproduce the work, to prepare derivative works, and to distribute copies of the work to the public.

23. Defendant's infringement was and continues to be willful. Defendant had access to Plaintiff's work and deliberately duplicated the creative elements of Plaintiff's design. Defendant's acts were carried out with knowledge that the Original Work(s) were an original, copyrighted creation of Plaintiff, or at a minimum with reckless disregard for Plaintiff's rights.

24. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered substantial damages, including but not limited to lost sales, lost opportunities for licensing, and harm to the value and market for Plaintiff's creative work. Plaintiff is entitled to recover Plaintiff's actual damages and any profits earned by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504(b).

### COUNT II – DMCA Misrepresentation (17 U.S.C. § 512(f))

26. Plaintiff repeats and re-alleges all the foregoing paragraphs as if fully set forth herein.

27. Pursuant to 17 U.S.C. § 512(f), any person who knowingly materially misrepresents, under the DMCA's notice/counter-notice system, that material is infringing or that material was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the injured party as a result of that misrepresentation.

28. Defendant knowingly and materially misrepresented that "the content identified in the takedown notice was removed or disabled as a result of a mistake or misidentification of the content."

29. Defendant's false statements have caused Plaintiff to incur damages, including the need to initiate this lawsuit to prevent the return of the infringing content. Plaintiff has expended time and resources, including legal fees, to address Defendant's misrepresentation and protect Plaintiff's rights. Pursuant to 17 U.S.C. § 512(f), Plaintiff is entitled to recover from Defendant all damages, costs, and attorneys' fees incurred by Plaintiff as a result of Defendant's misrepresentation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

a. For a declaration that Defendant has infringed Plaintiff's exclusive rights in the Hourglass Gold Wing under the Copyright Act, and that such infringement was willful;

b. For an award of monetary damages sufficient to compensate Plaintiff for Defendant's infringement, including Plaintiff's actual damages and all of Defendant's profits attributable to the infringement, as permitted by 17 U.S.C. § 504(b);

c. For such equitable and injunctive relief as may be appropriate to prevent or restrain further infringement of Plaintiff's rights, including a permanent injunction enjoining Defendant and his officers, agents, servants, employees, and all persons in active concert or participation with him from reproducing, distributing, or otherwise infringing the Hourglass Gold Wing or any other work owned by Plaintiff;

d. For an award of Plaintiff's costs and expenses of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 512(f);

e. For an award of pre-judgment and post-judgment interest at the highest rate permitted by law on any monetary recovery awarded; and

f. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| **DATED: 02-02-2026** | | Respectfully submitted, |

                                          **/s/ Joonghan Jo**

                                          Joonghan Jo, Esq.
                                          THE JO LAW FIRM, PC
                                          joseph.jo@thejolawfirm.com
                                          2261 Market Street, STE 10522
                                          San Francisco, California 94114
                                          (415) 294-0680
                                          Attorneys for Plaintiff
                                          *Dayeon Choi*

## JURY DEMAND

    Plaintiffs demand a trial by jury.

**DATED:  02-02-2026**                                          Respectfully submitted,

                                          **/s/ Joonghan Jo**

                                          Joonghan Jo, Esq.
                                          THE JO LAW FIRM, PC
                                          joseph.jo@thejolawfirm.com
                                          2261 Market Street, STE 10522
                                          San Francisco, California 94114
                                          (415) 294-0680
                                          Attorneys for Plaintiff
                                          *Dayeon Choi*